UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARIO BUENO, #165821,**

    Petitioner,

                                       Case No. 03-70612

v.

                                     HONORABLE DENISE PAGE HOOD

**ANDREW JACKSON, Warden,**

    Respondent.

_____/

**MEMORANDUM OPINION & ORDER PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT AND ORDERS**

This matter is before the Court on Petitioner's Motion for Relief from Judgment and Orders, filed January 24, 2005. On February 4, 2004, this Court issued its Memorandum Opinion & Order Denying Petitioner's Request for Writ of Habeas Corpus. In his Motion, Petitioner asks the Court for relief from its judgment and an extension of time to file an appeal, due to the alleged use of an incorrect mailing address. Petitioner further alleges that he "has diligently and timely pursued his Petition for Habeas Corpus and will lose his right to appeal unless this Motion is granted." (Pet.'s Mot. at 3.)

Although Petitioner filed his Motion pursuant to Fed. R. Civ. P. 60(b), that rule is inapplicable. Since Petitioner seeks an extension of time during which to file an appeal, the Federal Rules of Appellate Procedure govern. Rule 3 of the Fed. R. App. P. prescribes the method for taking an appeal, while Rule 4 limits the time in which an appeal may be taken. Combined, the two rules form a jurisdictional threshold for matters before the Court of Appeals. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988); *Smith v. Barry*, 502 U.S. 244 (1992); *Brooks v. Toyotomi Co., Ltd.*, 86 F.3d 582, 586 (6th Cir. 1996); *United States v. Webb*, 157 F.3d 451 (6th Cir. 1998).

In a civil case, Fed. R. App. P. 4(a)(1) requires that a Notice of Appeal under Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. The district court may extend the time for filing a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5), which states:

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5)(A). Because Petitioner's Motion was filed beyond the 30 days after the entry of the Judgment, Rule 4(a)(6) applies. The rule states:

> (6) Reopening the Time to File an Appeal.
> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, *but only if all the following conditions are satisfied:*
> (A) the motion is filed *within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;*
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6) (emphasis added).

The Judgment in this case was entered February 27, 2004. Petitioner states that he did not receive notice of the Judgment until August 31, 2004. In the interim, Petitioner filed Supplemental Objections on June 25, 2004. Petitioner's supplemental filing clearly demonstrates that he was unaware of the Court's February 27, 2004 Judgment. After receiving actual notice on August 31, 2004, Petitioner filed a Motion to Reissue Opinion and Judgment on September 17, 2004. Even

accepting Petitioner's claims regarding actual notice of the Court's Judgment as true, and construing the Motion to Reissue as a motion to reopen the time to file an appeal, Petitioner's September 17, 2004 Motion was already beyond the seven-day period provided by Rule 4(a)(6)(A) once the party receives notice. In addition, the 180 days permitted under Rule 4(a)(6)(A) had also expired.

Construing Petitioner's Supplemental Objections, filed June 24, 2004, as a motion to reopen the time to file an appeal leads to a different result. Since the filing came within the 180-day period, it is timely. The Court finds Petitioner "was entitled to notice of the entry of the judgment sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry". Fed. R. App. P. 4(a)(6)(B). Finally, the Court finds that no party will be prejudiced by reopening the time for Petitioner to file an appeal. Fed. R. App. P. 4(a)(6)(C). Petitioner therefore has 14 days from the date of this Order to file a notice of appeal, if any.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Relief from Judgment and Orders **[Docket No. 45, filed January 24, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Petitioner must file a notice of appeal, if any, within 14 days of the date of this Order.

    /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:   August 23, 2005