UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARIO BUENO,

    Petitioner,

                                   CASE NO. 03-CV-70612
v.                                  HONORABLE DENISE PAGE HOOD

ANDREW JACKSON,

    Respondent.
_____/


## OPINION AND ORDER GRANTING PETITION FOR CERTIFICATE OF APPEALABILITY

On February 27, 2005, the Court issued a Judgement and Order Adopting the Report and Recommendation of Magistrate Judge Paul J. Komives dismissing Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner filed a Notice of Appeal on September 6, 2005.

Before Petitioner may appeal the Court's dispositive decision denying his habeas petition, a Certificate of Appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a prisoner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition is denied on procedural grounds, a

Certificate of Appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner presented the following claims in his habeas petition: (1) the prosecutor failed to disclose an agreement between the prosecutor and an essential witness; (2) the admission of inadmissible hearsay evidence deprived Petitioner the right to confront witnesses; (3) a new trial is required because the Prosecutor made denigrating remarks about defense counsel at trial and argued facts not in the record; (4) a new sentencing hearing is required, since Petitioner was sentenced as an adult offender based on the court's improper consideration of Petitioner's denial of guilt and lack of remorse; and (5) ineffective assistance of both trial and appellate counsel.

The Court dismissed the petition, holding: as to claim (1) there was no agreement between the prosecution and the witness; with respect to claim (2) the statement was not hearsay, and even if it was hearsay, the admission of the evidence was harmless; regarding claim (3) the prosecutor's remarks about defense counsel were not egregious enough to deprive Petitioner of a fair trial and the prosecutor drew reasonable inferences from the facts that were presented during Petitioner's trial; referring to claim (4) even if the court took Petitioner's lack of remorse and denial of guilt into consideration, it was harmless error due to the court's consideration of several other factors; and considering claim (5) that the cumulative effect of trial errors or attorney errors are not grounds for prisoner relief.

After reviewing the Court's Order Accepting the Report and Recommendation, the Court finds that Petitioner has not shown that the Court's findings and conclusions of law are debatable

among jurists and that the issues raised in the habeas petition deserve further proceeding. For the reasons set forth above and in the Court's February 27, 2005 Order denying Petitioner's Request for Writ of Habeas Corpus, the Court finds Petitioner has made no substantial showing of a denial of a constitutional right or that reasonable jurists would find the Court's reasoning debatable.

Accordingly,

IT IS HEREBY ORDERED that a Certificate of Appealability will NOT issue in this case.

 S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: December 27, 2005